BY THE COURT.
The decree below was against the administrator of Shuey for the debt, and against Yandever for costs. Yandever appealed, and gave bond in more than double the costs. His appeal was from the decree against him, not from that against the other defendants, in which he had no interest. The motion is overruled.
The cause was then submitted to the court.
326] *BY THE COURT. The bill claims that the complainants recovered judgment at law against Shuey, in his lifetime, as special bail, and as he was old, they.left it to their attorney to indulge him. That the judgment was a lien on land mortgaged to a third person, but no levy was made. That Yandever having a claim upon Shuey, left it with Stoddard to collect, who knew of the complainants’ judgment. Stoddard obtained from Shuey a warrant to confess judgment, with a view to obtain a lien prior to that of the complainants, without Shuey’s knowing what it was, entered the judgment and levied. The complainants applied to Shuey, who said he did not know what it was he signed, or he would not have signed it. .The complainants then applied to the court on that state of facts, in Shuey’s name, to set aside the judgment as fraudulent, but the court on hearing, overruled the motion. That the complainant then brought a certiorari, on the refusal of the Court of Common Pleas to vacate the judgment, and while that was pending, Shuey gave Yandever a release, which was pleaded in the Supreme Court on the certiorari, and a judgment had upon it in his favor. The complainants then filed a bill against Shuey and his mortgagee, and obtained a decree for a sale of the land, the surplus, if any, to be paid to them. They now seek to charge Yandever with that decree, as if he were a party, and to assert their claim to the surplus of the mortgaged premises, as if their lien had been pursued at law.
The answer of Yandever admits the complainants’ judgment, and that his counsel obtained the warrant, and took the judgment to Shuey, to secure a priority of lien, but denies all fraud, &c.
There is no evidence of fraud in the case. The lien of a judgment is the creature of the statute, and is matter of strict law. Equity cannot cure its defects. The generous indul *333 gence of the complainant to the intestate, Shuey, by which he lost his prior lien, gives him no claim to the interference of this court, when, at law, his acts have given another a legal preference. We cannot take from him, what the law has invested him with. The proceedings in chancery, against the parties to the mortgagee, cannot affect Vandever. He was no party to them, and bis levy was before that suit was commenced. We do not see anything in the conduct of Vandever, but the fair pursuit of his claim. He was not bound to disclose to the plaintiff the course he was pursuing, to enable him to defeat his object. There was no dealing or privity between them, which required him to disclose, that will make the suppressio veri fraudulent. He has been more diligent than the ■*complainants, and obtained an advantage, which equity will [327 not deprive him of. But this whole matter has been investigated at law, and determined; resort is had to us to reverse the judgment of the court of law. That is not our province. Was the warrant, the judgment, and release fraudulent ? that was a question at law. No collusion is pretended between Shuey and Vandever, to defraud the complainants. The bill is dismissed at the complainants’ costs.